Johnson, C. J. This is an application made by Oscar L. White for a writ of habeas corpus. The applicant shows in his petition that he stands indicted, by a grand jury of the county of Saline, in this State, as an accessory before the fact to the murder of Henry Carr by John B. Hester, and that he is now held in custody in the jail of Pulaski county under said indictment. After making this statement of facts he then prays for the writ of habeas corpus, and that he may be admitted to bail, and then concludes With a general allegation of his innocence, which he verified by his affidavit. This application involves but one single question for our consideration and decision. The question is, whether we have the power, under our constitution and laws, to go behind an indictment, for a capital offence, to investigate the merits of the case with the view of letting the party indicted to bail. The statute declares that an accessory before the fact shall be deemed in law a principal, and that he shall be punished accordingly. There can be no doubt, therefore, but that the petitioner stands indicted for a capital offence. The 16th section of the Declaration of Rights provides, “that all prisoners shall be bailable by sufficient securities, unless in capital offences, where the proof is evident or the presumption great.” It is contended by the prisoner’s counsel that the provision, being general in its terms, embraces all cases as well after as before indictment. We are willing to concede the correctness of the construction contended for, yet we do not think that it follows, by any means, that the writ can be claimed as a matter of right after an indictment for a capital offence. The petitioner’s counsel have referred to numerous ancient authorities upon the subject, and argue that because the King’s Bench in England have the power to bail for any crime whatever, therefore the same power is incident to this court. These authorities we do not consider as applicable to the case before us, as this matter is not left in doubt, but, on the contrary, is lolly settled and forever put to rest by the express language of our bill of rights. It has expressly and emphatically prohibited the granting of bail to persons charged with capital offences where the proof is evident or the presumption great. It is contended by the prisoner’s counsel that the indictment raises no presumption against the party indicted, and that therefore he is entitled to the writ as a matter of right, and that where he has complied with the requisitions of the habeas corpus act this court has no option in the matter. The habeas corpus act was designed to apply exclusively to cases before indictment found, or to such cases after indictment as are expre'ssly made bailable by the constitution and laws of the land. It is true, as a general rule, that an indictment raises no presumption against the indictee as to his guilt of the crime charged against him; but this does not prove that it docs not raise presumptions for all the purposes of his capture and custody, and that for such purposes it is perfectly conclusive till rebutted. We are inclined to think that, under our system of laws, such is ^the legal effect of an indictment for a capital crime. This doctrine is clearly deducible from the case of The State vs. Hill, 1 vol. S. Carolina C. R. p. 242, and Ex parte, Taylor, 5 Cow. R. p. 50. Chief Justice Savage, in the case of Ex parte, Taylor, said: “ The writ was allowed in this case for a delect apparent upon the face of the warrant. No affidavit was therefore necessary on the part of the prisoner stating the circumstances which he might consider as entitling him to relief.” Here is a clear recognition of the necessity of stating some facts or circumstances, which, if found upon examination to exist, would entitle the party to bail. But the prisonei' insists that he has made sufficient showing in this case to entitle him to the writ. This we are not willing to admit. He has made a general allegation of his innocence, which is nothing more than a mere conclusion of law, and not such a showing of facts or circumstances as comes within the principle laid down by Chief Justice Savage, and which we are disposed to recognize as entitling him to relief. The law requires the party to make an affidavit of merits to warrant this court in going behind the indictment, and the affidavit must state such particular facts that, if proven to be false, the affiant could be indicted for perjury: otherwise, the requiring of an affidavit would be a, merely idle form. As the affidavit in this case is a general one of innocence, and does not set out such facts as are required by law, the writ must be denied.